[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULINGS ON PENDING DISCOVERY ISSUES BETWEEN THE PLAINTIFF AND DEFENDANT LIBERTI
Defendant Vincent Liberti has moved for sanctions, namely, dismissal of the plaintiffs legal malpractice claims against him. The movant asserts that such a sanction is appropriate pursuant to Practice Book § 13-14
because the plaintiff, Gerhard Hutter, has failed to respond to interrogatories and requests for production served on him on January 22, 2002, and has failed to appear on two occasions when his deposition was CT Page 8118 scheduled.
The plaintiff has objected to the motion to dismiss and has filed a motion for extension of time to respond to the interrogatories and requests for production. He has also filed a motion for a protective order against having to comply with this discovery, on the grounds that some of the items are objectionable and burdensome.
Written discovery
The Practice Book provides at §§ 13-7 (a)(2) and (4) that a party to whom interrogatories and requests for production are directed shall respond within thirty days unless, within that time period, he files a motion for extension of time that is granted, or objections to the questions posed or items requested.
The plaintiff filed neither objections nor a motion for extension of time within thirty days of January 22, 2002. By operation of Practice Book §§ 13-7 and 13-10, therefore, he waived his objections and was under an obligation to respond in full. The pleading that the plaintiff has titled a motion for protective order is in substance an objection to the interrogatories and requests for production. Because it was filed on March 25, 2002, it was not timely, and the filing of this motion did not serve to suspend the plaintiffs obligation to comply with defendant Liberti's discovery.
Practice Book § 13-14 provides that dismissal is but one of a variety of sanctions available to procure compliance with discovery. The court finds that it is not appropriate, but that the appropriate sanction is as follows:
 a) the plaintiff shall comply with the interrogatories and requests for production of documents in full by July 12, 2002. Failure to do so may lead to dismissal upon motion.
 b) the plaintiff shall pay defendant Liberti the sum of $300.00, which the court finds is the reasonable cost of the motion filed to procure discovery.
Depositions
Defendant Liberti asserts in his motion to dismiss that the plaintiff failed to appear for two depositions. On one occasion (the deposition noticed for October 17, 2001), the plaintiff had filed a motion for protective order, which was not acted upon, apparently for the reason that the case was in transition between the regular docket in the Stamford CT Page 8119 Judicial District and the Complex Litigation Docket in Waterbury.
Pursuant to Practice Book § 13-14, the court orders
 a) that the plaintiff shall submit to deposition at a date selected by the movant, upon reasonable written notice, by July 30, 2002;
 b) that the plaintiff shall pay defendant Liberti the sum of $300.00, which the court finds is the reasonable cost incurred in awaiting the plaintiffs arrival at the scheduled deposition and filing a new notice of deposition.
Plaintiffs Motions
The plaintiffs motion for extension of time to file objections is denied.
The plaintiffs motion for protective order is denied.
The $600.00 payment ordered above shall be made by July 12, 2002.
So ordered.
 ______________________________ Beverly J. Hodgson Date Judge of the Superior Court